**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil No.: 8:14-cv-02361-VMC-TBM |
| | ) |
| v. | ) |
| | ) |
| MAURICE ADAMS, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**
**OF THE COURT'S ORDER ENTERED ON APRIL 16, 2015 [CM/ECF NO. 39]**
**AND TO REOPEN CASE**

Plaintiff, Malibu Media, LLC ("Malibu"), by and through its undersigned counsel, hereby respectfully requests this Honorable Court to reconsider the Order entered on April 16, 2015 ("Order") granting Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim [CM/ECF No. 29], and to reopen this case, and in support states:

1.      Plaintiff's response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (the "Motion") was originally due on April 13, 2015.

2.      Per the agreement of counsel, Plaintiff's time to respond to the Motion was extended by the Court up to and including April 15, 2015.

3.      Due to an inadvertent calendaring error, however, Plaintiff's counsel recorded the extended response date as April 16, 2015, not April 15, 2015.

4.      Plaintiff's counsel, while completing its response for filing today, realized the mistake when the Court's Order granting Defendant's Motion [CM/ECF No. 39] was received.

5.      Undersigned immediately contacted the Court's judicial clerk to advise of the

error, completed its Memorandum in Opposition to the Motion (which is being filed contemporaneously herewith), and now respectfully requests that Plaintiff's meritorious arguments against Defendant's Motion be heard.

6.    Fed. R. Civ. P. 60(b) provides that "the court may relieve a party or its legal representative from a[n]…order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1).

7.    The requested relief is no way brought for an improper motive or for undue delay. Plaintiff's counsel acted as expeditiously as possible upon learning of its error.  There is no prejudice to Defendant in affording an additional one-day extension to file, especially under the circumstances where prior extension had been agreed to, and where other extensions have been requested and agreed to between the parties to this case.

8.    Plaintiff and its counsel have devoted significant time and resources to addressing Defendant's Motion.  If leave to file today is granted, Plaintiff's response to the Motion would be filed only three (3) days after the original deadline to respond, which was April 13, 2015 pursuant to Local Rule 3.01(b) and Fed. R. Civ. P. 6(d).

9.    Plaintiff would only request that the subject Motion be decided on its merits.

<u>**CERTIFICATE OF CONFERRAL**</u>

Counsel for Plaintiff contacted defense counsel immediately this morning upon learning of the above error, and explained that a motion for reconsideration the Court's Order would be filed.  Undersigned requested defense counsel's position regarding the relief requested herein, and not having heard back from counsel in the afternoon, sent a follow-up e-mail to again request counsel's position.  However, undersigned has yet to receive a response at the time of filing this motion.

WHEREFORE, Plaintiff respectfully requests this Court enter an order: (a) granting Plaintiff's Motion for Reconsideration of the Court's Order Entered on April 16, 2015 and to Reopen Case; and (b) granting such other and further relief as the Court deems just and proper.

DATED: April 16, 2015.

Respectfully submitted,

By: */s/ M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: */s/ M. Keith Lipscomb*