UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,
v.                        Case No. 8:14-cv-2361-T-33TBM

MAURICE ADAMS,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Maurice Adams' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Doc. # 29), filed on March 25, 2015. Plaintiff Malibu Media, LLC filed a Response in Opposition to the Motion (Doc. # 41) on April 16, 2015. For the reasons that follow, the Court denies Defendant's Motion.

**I. Background**

On September 17, 2014, Plaintiff filed a one count Complaint against John Doe, the subscriber of the IP address 96.228.225.164 alleging copyright infringement. (See Doc. # 1). In order to identify the subscriber assigned to IP address 96.228.225.164, Plaintiff sought, and was granted, leave to serve a third-party subpoena on Defendant's Internet Service Provider. (Doc. ## 5, 7).

On January 30, 2015, Plaintiff filed an Amended Complaint naming Maurice Adams as Defendant in this action. (Doc. # 12). Defendant filed the present Motion to Dismiss on March 25, 2015, which is ripe for this Court's review.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept

as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Analysis

To establish copyright infringement, "two elements must be proven: 1) ownership of a valid copyright; and 2) copying of constituent elements of the work that are original." Dream Custom Homes, Inc. v. Modern Day Const., Inc., 773 F. Supp. 2d 1288, 1301 (M.D. Fla. 2011) aff'd, 476 F. App'x 190 (11th Cir. 2012)(citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991)).Defendant seeks dismissal of this action as "Plaintiff has failed to plead any factual content allowing the [C]ourt to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged." (Doc. # 29 at 4)(internal quotation omitted).

Defendant submits that "Plaintiff's [Amended] Complaint consists of a series of conclusory statements arranged to support the already speculative conclusion that Defendant – with no other evidence or substantiation other than geolocation software which can only identify IP addresses – is a 'persistent online infringer of Plaintiff's copyrights.'" (Id. at 5). Namely, Defendant argues that "[d]espite the overwhelming and specific findings and admissions to the contrary, Plaintiff admittedly named the Defendant as the alleged infringer simply because his name may appear on the bill for the ISP account or the wireless internet/Wi-Fi – though Plaintiff never even alleges this fact or attempt at identification in their Amended Complaint." (Id. at 9-10).

Furthermore, Defendant argues that "since an IP address cannot identify a person, it certainly cannot identify a person that actually committed a volitional act of direct infringement." (Id. at 11). Therefore, according to Defendant, "Plaintiff . . . certainly has not plead any facts supporting an inference that Defendant actually engaged in any volitional infringing activity, and thus lacks a good faith basis for asserting copyright infringement claims against Defendant." (Id.).

As set forth in Malibu Media, LLC v. Roldan, No. 8:13-CV-3007-T-30TBM, 2014 WL 3805494, at *2 (M.D. Fla. Aug. 1, 2014):

> While it may be true that the IP subscriber . . . is not undoubtedly the infringing individual, the Plaintiff's burden at this stage is only to demonstrate plausibility. See Iqbal, 556 U.S. at 678–79; cf., Malibu Media, LLC v. John Does 1–16, 902 F. Supp. 2d 690, 698 (E.D. Pa. 2012) ("The Court acknowledges, however, that the information provided by the ISPs in response to the subpoenas will not necessarily reveal the identities of the actual infringers, but may, with other discovery, lead to the infringers' identities."). To that end, Plaintiff has alleged a plausible link between the subscriber assigned to IP address 96.58.134.12, Defendant, and the copyright infringement, and any factual disputes are inappropriate at this stage. See Malibu Media LLC v. John Does 1–11, No. 12 Civ. 3180(ER), 2013 WL 3732839, at *3–4 (S.D.N.Y. July 16, 2013) (finding plaintiff adequately pled a plausible claim of copyright infringement); Malibu Media, LLC v. Pelizzo, No. 12-22768-CIV, 2012 WL 6680387, at *3-4 (S.D. Fla. Dec 21, 2012) (same).

Likewise, at this stage of the proceeding, Plaintiff has sufficiently alleged a claim for direct copyright infringement against Defendant. According to the Amended Complaint, Plaintiff's investigator, IPP International UG, established a direct "TCP/IP connection" with Defendant's IP address. (Doc. # 12 at ¶ 17). "By providing the IP address associated with the individual conducting the infringing

activity, Plaintiff set forth 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Malibu Media, LLC v. Doe, No. 8:14-CV-2351-T-36AEP, 2015 WL 574274, at *2 (M.D. Fla. Feb. 11, 2015)(quoting Iqbal, 556 U.S. at 678)(citation omitted)).

At this stage of the proceeding, Plaintiff is not required to show that Defendant "probably" committed the alleged misconduct. Id. Rather, Plaintiff must only show "more than a sheer possibility that [Defendant] has acted unlawfully" — i.e., Plaintiff must show "plausibility." See Id. This Court has previously found that a defendant's IP address is sufficient for purposes of stating a claim that can survive a Rule 12(b)(6) motion to dismiss. See e.g., Doe, 2015 WL 574274, at *2. Furthermore, in the Amended Complaint Plaintiff provides that "[b]y using Bit Torrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit. [However,] Plaintiff did not authorize, permit or consent to Defendant's distribution of its works." (Doc. # 12 at ¶¶ 27-28).

Therefore, for purposes of the Court's present analysis, Plaintiff has pled sufficient factual allegations to survive

6

Defendant's Motion to Dismiss. At this time, the allegations contained in the Amended Complaint provide fair notice to Defendant of the copyright infringement claim brought against him. Any factual disputes – specifically, as it relates to the IP address – are inappropriate for the Court's consideration at this time. Defendant may raise this issue at a later date, once the parties and this Court have the benefit of discovery. As a result, Defendant's Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED**, and **DECREED:**

(1) Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Doc. # 29) is **DENIED**.

(2) Defendant has until and including **May 5, 2015**, to file his Answer to the Amended Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of April, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record

7